UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL CRAIG WILSON,<br><br>                    Petitioner,<br><br>        v.<br><br>STATE OF WASHINGTON,<br><br>                    Respondent. | CASE NO. C13-5506 BHS-JRC<br><br>REPORT AND RECOMMENDATION TO DENY IN FORMA PAUPERIS STATUS AND DISMISS THIS PETITION<br><br>NOTED FOR:<br>AUGUST 16, 2013 |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Petitioner asks the Court to grant him in forma pauperis status and wave the five dollar filing fee (ECF No. 4). The Court recommends denying petitioner's application to proceed in forma pauperis and dismissing this petition because petitioner's claim is based on state law, and not federal law, and such a claim cannot be pursued through habeas corpus.

1       The District Court may permit indigent litigants to proceed in forma pauperis upon
2 completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). However, the Court has
3 broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314
4 F.2d 598, 600 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

5       In this case, the Kitsap County Superior Court convicted petitioner of possession of a
6 stolen vehicle and sentenced him to 48 months of incarceration (ECF No. 1, p. 16). Petitioner
7 does not seek relief from his conviction or sentence , but instead alleges that, pursuant to the
8 Washington State Constitution Art I § 20, he is entitled to post bond and remain free pending a
9 decision by the state court on his appeal (ECF No. 1, p.12).

10       To state a claim, petitioner must allege that he has been denied a right protected by the
11 federal constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Thus,
12 federal habeas corpus relief is available only on behalf of a person in custody in violation of the
13 Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*,
14 502 U.S. 62, 68 (1991). Federal habeas corpus review is not available to retry state issues. *Milton*
15 *v. Wainwright*, 407 U.S. 371, 377 (1972). The Supreme Court has stated many times that federal
16 habeas corpus relief does not lie for errors of state law. *Estelle*, 502 U.S. at 67 (*citing Lewis v.*
17 *Jeffers*, 497 U.S. 764, 780 (1990) *and Pulley v. Harris*, 465 U.S. 37, 41 (1984)). "A federal court
18 may not issue the writ on the basis of a perceived error of a state law." *Pulley*, 465 U.S. at 41.
19 Federal courts cannot consider whether state law was properly applied. *Paradis v. Arave*, 954
20 F.2d 1483, 1493 (9th Cir. 1992), *vacated on other grounds*, *Arave v. Paradis*, 507 U.S. 1026
21 (1993), *on remand*, *Paradis v. Arave*, 20 F.3d 950 (9th Cir. 1994), *cert. denied*, *Paradis v. Arave*,
22 513 U.S. 1117 (1995); *Swarthout v. Cooke*, __ U.S __ 131 S. Ct. 859, 861 (2011) (per curiam)
23
24

REPORT AND RECOMMENDATION - 2

1 Federal courts will presume that the state courts properly applied their own law. *Woratzeck v.*
2 *Stewart*, 97 F.3d 329, 336 (9th Cir. 1996).
3      Petitioner cannot proceed with a claim that is based on application of Washington state
4 law and not a denial of a federally protected right. Therefore, the Court recommends that
5 petitioner's request for in forma pauperis status be denied because petitioner fails to state a claim
6 upon which federal habeas corpus relief can be granted. The Court does not see how amendment
7 of the petition could cure this defect. Accordingly the Court recommends denial of the
8 application to proceed in forma pauperis and dismissal of this petition.

9 CERTIFICATE OF APPEAL

10      Petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district
11 court's dismissal of the federal habeas petition only after obtaining a certificate of appealability
12 (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner
13 has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §
14 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could
15 disagree with the district court's resolution of his constitutional claims or that jurists could
16 conclude the issues presented are adequate to deserve encouragement to proceed further."
17 *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484
18 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a
19 certificate of appealability with respect to this petition.
20      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
21 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
22 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
23 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
24

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 16, 2013, as noted in the caption.

Dated this 11th day of July, 2013.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4